**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DOSSIE LEE TAYLOR,

      Defendant-Appellant.

No. 99-3198
(District of Kansas)
(D.C. No. 98-CR-20071-GTV)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

## I. INTRODUCTION

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dossie Lee Taylor pleaded guilty to a single charge of conspiracy to possess with intent distribute cocaine base ("crack") and phencyclidine ("PCP") in violation of 21 U.S.C. § 846, preserving his right to appeal the district court's denial of his motion to suppress. During a roadside search of a car occupied by two of Taylor's co-conspirators, Johnny Crawford and Antonette Huckaby, an officer of the Oklahoma Highway Patrol found large quantities of crack and PCP. After the discovery of the drugs, Crawford and Huckaby agreed to cooperate with agents of the DEA, including making two recorded telephone calls to Taylor to set up a controlled delivery. When Taylor was eventually indicted on conspiracy charges, he filed a motion to suppress the drugs and tape-recorded conversations on the ground that they had been obtained through outrageous governmental conduct in violation of the Fifth Amendment. The district court denied the suppression motion, concluding Taylor had failed to demonstrate that the actions of the law enforcement officers or prosecutors were outrageous or conscience shocking. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** the district court's denial of Taylor's suppression motion.

## II. BACKGROUND

On October 11, 1998, Oklahoma Highway Patrol Officer James Siler stopped a vehicle for the infraction of following too close. The car was owned by Huckaby but Crawford was driving. Siler asked Crawford if he could search the

car; Crawford declined, stating the car belonged to Huckaby. After Huckaby gave her consent to a search, Siler found approximately 450 grams of crack and 1900 grams of PCP in the trunk of the car. Crawford and Huckaby thereafter agreed to cooperate with law enforcement officials and stated that they were transporting the drugs from Arizona to Kansas where they would meet Taylor and other co-conspirators. Crawford then placed two tape-recorded telephone calls to Taylor in Kansas City, arranging a place to deliver the drugs. After the delivery took place, Taylor was arrested along with Eric Lewis and Kenya Simpson.

Taylor, Lewis, Simpson, Crawford, and Huckaby were all eventually indicted on conspiracy-to-possess-with-intent-to-distribute charges. In response to the indictment, Crawford and Huckaby filed motions to suppress evidence flowing from the search of Huckaby's vehicle. In particular, they argued that Huckaby's consent to the search was tainted because Siler had not returned Huckaby's license to her before seeking consent to search the vehicle. Taylor, Lewis, and Simpson all filed motions joining Crawford and Huckaby's motions to suppress. In response to the motions to dismiss, the United States Attorney (1) moved to dismiss the indictment as to Crawford and Huckaby and (2) filed supplemental memoranda noting that Taylor, Lewis, and Simpson lacked standing to challenge the search of the vehicle driven by Crawford and owned by Huckaby.

The district court granted the government's motion to dismiss the indictment as to Crawford and Huckaby.

In response to the dismissal of the indictment as to Crawford and Huckaby, Taylor filed a new motion to suppress. In this new motion, Taylor recognized that he did not have standing to challenge the search of the vehicle that led to the discovery of the drugs. He asserted, however, that the fruits of that search, particularly the drugs and tape-recorded telephone conversations, should be suppressed under the Fifth Amendment. Although Taylor's suppression motion before the district court was less than clear, it appears to assert the following two bases for suppression: (1) the sole reason Siler stopped the car was because Crawford and Huckaby were African-American; (2) allowing the admission of the fruits of the search of Crawford and Huckaby would encourage federal agents to purposely conduct an unconstitutional search and seizure of one individual in order to obtain evidence against third parties, those third parties being the real targets of the government's investigation.

After holding a hearing on Taylor's motion, the district court denied the motion to suppress. In so doing, the district court noted that the record was completely devoid of any evidence suggesting that the search of Huckaby's car, although apparently violative of the Fourth Amendment, was a ruse to acquire evidence against Taylor or that it was based upon some other impermissible

motive.  The district court further noted that to establish a Fifth Amendment violation, Taylor had to show that the actions of the officers were so outrageous and conscience shocking as to offend fundamental canons of decency and fairness, *see Hampton v. United States*, 425 U.S. 484, 488-90 (1976), and that he had utterly failed to make the requisite showing.

### III.  ANALYSIS

This court reviews a claim of outrageous governmental conduct *de novo*. *United States v. Sneed*, 34 F.3d 1570, 1576 (10th Cir. 1994).  The relevant inquiry on appeal is whether, considering the totality of the circumstances "the government's conduct is so shocking, outrageous and intolerable that it offends 'the universal sense of justice.'"  *United States v. Lacey*, 86 F. 3d 956, 964 (10th Cir. 1996) (quotation omitted).  The doctrine of outrageous governmental conduct "is an extraordinary [one] reserved for only the most egregious circumstances," and "is not to be invoked each time the government acts deceptively or participates in a crime it is investigating."  *United States v. Mosley*, 965 F.2d 906, 910 (10th Cir. 1992).

On appeal, Taylor simply asserts, without pointing to any evidence in the record, that Siler stopped Crawford and Huckaby because they were African-Americans.  Proceeding down this path, Taylor asserts that such conduct is so

shocking and deplorable that this court should prohibit the government from using the evidence obtained from Crawford and Huckaby against any of the defendants in this case. The most basic problem with Taylor's argument is that is based purely on supposition and is utterly devoid of support in the record. In fact the only inference supported by the record is that Siler stopped the vehicle because Crawford had committed a traffic violation. Taylor's baseless speculation about Siler's true motives is clearly not sufficient to carry his burden of proving outrageous governmental conduct. *See United States v. Diaz*, 189 F.3d 1239, 1245 (10th Cir. 1999) ("Defendants have the burden of proving outrageous governmental conduct . . . .").

Furthermore, as noted by the district court, "[t]here is no evidence that the government intentionally conducted an unconstitutional search of Crawford and Huckaby to obtain evidence against defendants Lewis, Simpson, or Taylor." Dist. Ct. Order at 4. For that reason, this court's decision in *United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112 (10th Cir. 1998), where the government knowingly used an illegally seized notebook containing attorney-client privileged material as the entire basis of a criminal investigation, is simply not applicable to this case. Accordingly, Taylor is left with nothing more as a basis for suppression than the fact that Siler conducted an illegal search of a vehicle in which Taylor was not present and had no possessory interest whatsoever. This Fourth Amendment

violation, a violation which Taylor acknowledges he has no standing to challenge, is plainly insufficient, standing alone as it does in this case, to support a claim of outrageous governmental conduct. *See Mosley*, 965 F.2d at 910 (noting that doctrine of outrageous governmental conduct is an "extraordinary" remedy applicable in "only the most egregious circumstances").

## IV. CONCLUSION

For those reasons set out above, the district court's denial of Taylor's motion to suppress is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge